FLOYD H. BROWN AND KATIE LOU D. BROWN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FLOYD H. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23880, 23881.   Promulgated March 26, 1951.

*J. C. Smith, Esq.,* and *C. L. Brooke, C. P. A.,* for the petitioners.
*Jackson L. Bailey, Esq.,* for the respondent.

624

628

629

OPINION.

JOHNSON, *Judge:* Petitioners claim that the payments of $500 monthly made as per agreement by petitioner Floyd H. Brown to his former wife, Daisy E. Brown, are deductible under section 23 (u), Internal Revenue Code, which allows the deduction by the husband of amounts includible under section 22 (k) in the gross income of the wife. Section 22 (k) provides:

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to \such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife. * * *

Daisy E. Brown was "divorced * * * from her husband under a decree of divorce" dated September 30, 1939. The payments here in controversy were "received subsequent to such decree in discharge of a legal obligation" which, the facts show and respondent does not dispute, was "incurred by such husband under * * * a written

instrument incident to such divorce or separation." See *Thomas E. Hogg*, 13 T. C. 361, and cases cited therein. The issue here is whether or not the legal obligation was incurred "because of the marital or family relationship." Section 22 (k).

Here the divorce decree made no provision for alimony. However, in *Thomas E. Hogg, supra*, on which petitioners rely, this Court held that where a husband's payments to a divorced wife pursuant to agreement are "in the nature of alimony" and "in lieu of alimony," then the legal obligation was incurred because of the marital or family relationship and the payments are deductible under section 23 (u).

Respondent's contention is that the payments were not made as alimony or support, or in lieu thereof, but solely in settlement of the community property rights of Daisy E. Brown. He cites Regulations 111, section 29.22 (k)–1, which provides that section 22 (k):

* * * does not apply to that part of any periodic payment attributable to that portion of any interest in property transferred in discharge of the husband's obligation under the decree or instrument incident thereto, which interest originally belonged to the wife * * *.

Therefore, respondent contends, the payments are includible, not in the gross income of Daisy E. Brown, but of petitioners, and are not deductible by petitioners under section 23 (u).

Under the agreement Daisy E. Brown received $500 monthly, the residence in Shreveport with all the contents, certain mineral rights, and a Packard automobile, and petitioner assumed all the community debts. In consideration of the above, Daisy E. Brown renounced her interest in the community property and conveyed that interest to petitioner, and waived all claims to maintenance, alimony, or support she might have "now or hereafter" against petitioner. Thus it is clear that under the agreement Daisy E. Brown received a settlement both of her community property rights and of her support rights. But it is not clear from the agreement alone of which rights the $500 monthly payments were in settlement.

Respondent emphasizes the references in the agreement to the community property and the fact that the community property at the time of the separation had a book net worth of $149,767.56, (and he contends that its fair market value was in excess of that figure). Therefore he concludes that the agreement was solely for the settlement of the community property interest of Daisy E. Brown.

The balance sheet from which the above net worth figure was obtained carried the Shreveport residence at a cost of $18,701.50 and the Packard automobile at a value of $1,440. However, there is no indication on the balance sheet or elsewhere in the record as to the value of the mineral rights received by Daisy E. Brown under the agreement. But, even assuming that the value of the residence, automobile, and mineral rights received by her do not add up to the value of

her interest in the community property, it does not follow that the monthly payments must have been in settlement of that interest. Under the agreement petitioner assumed all the community debts. The facts show that F. H. Brown, Inc., at the time of the agreement had direct obligations of $273,478.48. The community was liable on the obligations of F. H. Brown, Inc., since petitioner was endorser of all the corporations's paper. Petitioner testified that he paid community debts of "well over $200,000.00." In being freed of these debts Daisy E. Brown received something we can well surmise was of more practical value to her than a full half share in the community property, consisting largely of drilling equipment which it was not feasible to divide. Therefore we conclude that the transfer of the home and its contents, the Packard automobile, and the mineral rights, and the assumption of the community debts by petitioner, may properly be deemed the consideration for the transfer by Daisy E. Brown of her interest in the community property, and the $500 monthly payments the consideration for her waiver of support rights.

But respondent points out that "petitioner has not shown that under the law of Louisiana his divorced wife would have been granted alimony or support in any event." However, it was not necessary for petitioner to show this. At the time the negotiations for the agreement were under way Daisy E. Brown was the wife of petitioner. As such, she of course had a present right to support, and petitioner had been discharging that right. It would be unrealistic to hold that she gave up this right to support without consideration and that, as respondent contends, everything she received under the agreement was in exchange for her share of the community property.

Moreover, the evidence indicates that the parties had support in mind when they agreed upon the payments. L. M. Moffitt, who, like petitioner, was in the oil business and lived in Shreveport in 1938, and who was called as a witness for petitioners, testified that he was a good friend of both petitioner and Daisy E. Brown from 1921 to the time of separation in 1938. He stated that both parties consulted him at various times concerning the separation. After failing to bring about a reconciliation, he then "took the viewpoint that after as long a married life as they had had * * * she was entitled to a sufficient payment through the remainder of her life so as to keep her comfortably situated, and a home in which to live, which was agreeable to both parties finally."

Thus, to reiterate, we conclude that Daisy E. Brown gave up her present right to support in exchange for a future contractual right to support in the form of monthly payments of $500. And, as we said in *Thomas E. Hogg, supra*, "the husband incurred this contractual obligation because of the marital relationship," whether or not there was any provision under law which would require the payment of alimony.

Accordingly, the payments in controversy were deductible by petitioners under section 23 (u), and we so hold.

Our holding on this issue makes it unnecessary to consider petitioners' contention that respondent is estopped to question the deductibility of the payments.

Respondent's contention that petitioner Floyd H. Brown is not entitled to depletion on the income from the Hindman oil lease to the extent that the payments to Daisy E. Brown were made from this income is clearly untenable. The agreement shows that the lease interest was owned by petitioner, and that the assignment to Daisy E. Brown of $500 per month from the lease income was merely as security for the payments petitioner was to make under the agreement. As the owner of the lease interest, petitioner was entitled to depletion on the income therefrom. Regulations 111, section 29.23 (m)–1.

*Decisions will be entered for the petitioners.*